JUSTICE NELSON,
concurring.
¶17 I concur in the Court’s Opinion. Trier and his counsel were the authors of their own misfortune.
¶18 This sort of thing does not have to happen, however. In State v. Couture, 2010 MT 201, 357 Mont. 398, 240 P.3d 987, a speedy trial case, this Court criticized case-management practices that allow cases *50 to “drag on endlessly from continuance to continuance.” Couture, ¶ 99. As this case demonstrates, seriatim continuances are fertile ground for mischief, mistake, and negligence. Witnesses cannot be located, documents are lost, files are destroyed, evidence becomes stale, counsel accidently erases the trial date from his calendar, and the parties and attorneys do not show up in court. “My dog ate the homework” catastrophes are endless-but avoidable. The bottom line is that the trial judge is “the captain of the ship.” Couture, ¶ 78. And the captain should not allow endless “continuance practice” on the part of attorneys and litigants who seem to believe that if they are able to delay the trial of a case long enough, it will disappear into some sort of black hole. While I fault Trier and his attorney for what happened here, I am also of the mind that, had the trial judge been less accommodating, Trier might have received a prompt trial by a jury of his peers.
¶19 I concur.